IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERTA ROSE JOSEPHINE JONES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-17-1324-M |
| UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA) CASUALTY INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

**ORDER**

On December 8, 2017, plaintiff filed the instant action against defendants, seeking damages that she has sustained as a result of a large Monterey Pine tree falling on her property, which is located in Pacific Grove, California. On January 8, 2018, plaintiff filed a First Amended Complaint.[1] Without obtaining leave of court or consent from all of the defendants, plaintiff filed a Second Amended Complaint and an Amended Second Amended Complaint on May 11, 2018.[2] On May 29, 2018, plaintiff filed a Motion for Leave to File Supplemental Complaint, Second Amended Complaint, and a Third Amended Complaint, and on July 10, 2018, plaintiff filed a Motion to Add Additional Defendant – American Technologies Incorporated a/k/a ATI.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of

---

[1] Various defendants have filed motions to dismiss this complaint.
[2] Various defendants have filed motions to strike and motions to dismiss these complaints.

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (internal quotations omitted).

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should not be granted leave to file a supplemental complaint, a second amended complaint, or a third amended complaint or be granted leave to add an additional defendant as such amendments and supplements would be futile. Specifically, the Court finds that it lacks subject matter jurisdiction in this case and that plaintiff's proposed supplements, amendments, and additional defendant would not cure the Court's lack of subject matter jurisdiction. Plaintiff asserts this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. However, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). In this case, plaintiff is a citizen of Oklahoma, and defendants Adams and Spratt are citizens of Oklahoma. The Court, therefore, finds that diversity jurisdiction does not exist in this case.

Additionally, the Court finds it does not have subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 because plaintiff has not plausibly alleged any federal question. All of plaintiff's claims for relief specifically articulated in both her First Amended Complaint and Amended Second Amended Complaint are based on state law. Further, while plaintiff references the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq., plaintiff does not specifically include a RICO claim in her causes of action and even if she did,

such a claim would not be plausible. A civil RICO claim must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). RICO defines "racketeering activity" "as any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." *Id.* at 481-82. Having carefully reviewed plaintiff's Amended Second Amended Complaint, the Court finds plaintiffs' allegations regarding defendants' actions do not plausible show that defendants engaged in "racketeering activity." None of the actions alleged would constitute a violation of any of the state or federal crimes specified in RICO's definition of "racketeering activity."

Accordingly, the Court DENIES plaintiff's Motion for Leave to File Supplemental Complaint, Second Amended Complaint and a Third Amended Complaint [docket no. 81] and plaintiff's Motion to Add Additional Defendant – American Technologies Incorporated a/k/a ATI [docket no. 90]. Additionally, as set forth above, the Court finds that it does not have subject matter jurisdiction over this case and, thus, DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 20th day of July, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE