UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALBERTA ROSE JOSEPHINE JONES, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-1324-G ) |
| UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA) CASUALTY INSURANCE COMPANY, et al., | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Phillip Scott Spratt's Motion for Attorney's Fees (Doc. No. 93) in which Defendant Spratt requests attorney's fees pursuant to a Legal Services Agreement between Defendant Spratt and Plaintiff Alberta Rose Josephine Jones. Plaintiff, appearing pro se, responded by filing a document titled "Reply Brief, Motion Hearing and Discovery Request by Petitioner in Response to Defendant Phillip Scott Spratt's Motion for Attorney Fees" (Doc. No. 94),[1] which the Court liberally construes as a Response to Defendant Spratt's Motion.

As an initial matter, the Court has thoroughly reviewed the parties' submissions and finds that neither a hearing nor discovery is warranted in this matter. The parties have had an opportunity for adversary submissions on the motion in accordance with Federal Rule

---

[1] Plaintiff additionally filed a supplement to her Response containing a page erroneously omitted from an exhibit to her Response. Doc. No. 95. Though this document was entered on the case docket as a motion, the Court liberally construes this submission as a Supplement to Plaintiff's Response to Defendant Spratt's Motion for Attorney's Fees.

of Civil Procedure 54 and Local Civil Rule 54.2.  *See* Fed. R. Civ. P. 54(d); LCvR 54.2.  Accordingly, the Court denies Plaintiff's request for additional proceedings on the motion.

The Court determines that, based on the plain language of the Legal Services Agreement relied on by Defendant Spratt, the motion for attorney's fees should be denied.  Under the terms of that Agreement, Defendant Spratt agreed to provide legal services to Plaintiff in relation to "unpaid insurance coverage for home damage that occurred on or about December 13, 2015" at Plaintiff's property in Pacific Grove, California.  Mot. Att'y Fees Ex. 2 (Doc. No. 93-2) at 2.  The Agreement also stipulated Plaintiff's obligation to pay attorney's fees for the legal services Defendant Spratt performed under the Agreement.  *Id.* at 2-3.

In the instant lawsuit, Plaintiff asserted claims against several defendants in relation to her insurance claim.  Plaintiff articulated her causes of action against Defendant Spratt as fraud, constructive fraud, and negligent misrepresentation for his alleged "failure to pursue a proper claim in [Plaintiff's] interest" against the insurance company, as well as deceptive acts and practices for his "fail[ure] to comply with Oklahoma General Business laws when signing" the Legal Services Agreement.  Am. Compl. (Doc. No. 11) at 11, 13, 19.  Plaintiff sought money damages in relation to the claims asserted against Defendant Spratt.  *See id.* at 20.  On July 20, 2018, the Court dismissed the action for lack of subject

matter jurisdiction.² *See* Order of July 20, 2018 (Doc. No. 91). An appeal of this determination is currently pending.³ *See* Notice of Appeal (Doc. No. 97).

In his Motion for Attorney's Fees, Defendant Spratt contends that he is entitled to reasonable attorney's fees in this matter under paragraph 19 of the Legal Services Agreement, which provides:

> ATTORNEY'S FEES AND COSTS IN ACTION ON AGREEMENT. The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

Mot. Att'y Fees Ex. 2, at 5; *see* Mot. Att'y Fees at 2. Defendant Spratt interprets this provision broadly as "provid[ing] for attorney fees and costs in actions relating to" the Legal Services Agreement. Mot. Att'y Fees at 2. The Court disagrees.

Under any reasonable construction, the scope of paragraph 19 is limited on its face to actions or proceedings to *enforce* a provision of the Legal Services Agreement. Plaintiff did not seek enforcement or performance of the Agreement in this action. Rather, she sought money damages against Defendant Spratt for his alleged failure to perform his obligations under the Agreement. *See* Compl. at 6-7. As Plaintiff does not seek to coerce Defendant Spratt's performance of his contractual duties or seek to enforce any other

---

² The Tenth Circuit has "held that a federal court has subject-matter jurisdiction over a request for attorney fees even in the absence of subject-matter jurisdiction over the underlying claim." *Olsen v. Aebersold*, 149 F. App'x 750, 752 (10th Cir. 2005).

³ "[T]he district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending." *City of Chanute v. Williams Nat. Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992), *overruled on other grounds, Systemcare, Inc. v. Wang Labs. Corp.*, 117 F.3d 1137 (10th Cir. 1997).

provision of the Agreement in this lawsuit, paragraph 19 of the Legal Services Agreement is inapplicable. Thus, the Court finds that, even assuming the Legal Services Agreement is a valid contract between the parties, it does not provide a basis for the Court to find Plaintiff liable for Defendant Spratt's reasonable attorney's fees incurred in this action.

IT IS THEREFORE ORDERED that Defendant Spratt's Motion for Attorney's Fees (Doc. No. 93) is DENIED.

IT IS SO ORDERED this 6th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge